IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| AMERICAN RESORT DEVELOPMENT ASSOCIATION – RESORT OWNERS' COALITION, | ) ) ) ) CASE NO. 3:17-cv-00032 |
| Plaintiff, | ) ) |
| v. | ) ) |
| GOVERNMENT OF THE VIRGIN ISLANDS, | ) ) ) |
| Defendant. | ) ) |

**MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS FIRST AMENDED COMPLAINT**

**COME NOW** Defendant, Government of the Virgin Island, by and through undersigned counsel, and hereby files its Memorandum in Support of the Motion to Dismiss to the Plaintiff's Amended Complaint.

**I.    FACTUAL AND PROCEDURAL HISTORY**

The primary issue at issue is whether the Government of the Virgin Islands can impose a fee or tax on the use of real property within the territory. Plaintiff is an association of timeshare owners organized as a nonprofit corporation. Plaintiff is a foreign corporation, has not alleged that it is a Virgin Islands property owner, and is bringing this action on behalf of its members. Plaintiff is challenging the constitutionality of the Environmental/Infrastructure Impact Fee ("Impact Fee") signed into law on March 22, 2017 as part of the Virgin Islands Revenue Enhancement and Economic Recovery Act of 2017 ("2017 Act").[1]

---

[1] In addition to enacting the Impact Fee, the 2017 Act also increased the excise taxes on cigarettes, carbonated beverages, and certain alcoholic beverages. Compl., Ex. 1. *Id*.

Case: 3:17-cv-00032-CVG-RM   Document #: 16   Filed: 07/26/17   Page 2 of 17

American Resort Development Association – Resort Owner's Coalition v. Gov't of the Virgin Islands
Defendant's Motion to Dismiss First Amended Complaint
Page 2

The Impact Fee, now codified at 33 V.I. Code § 54(b)(2) and (3), replaces a 10.5% timeshare rental tax that was never collected. Compl. ¶ 8; Compl. Ex. 1 and Ex. 8 at 4. Plaintiff alleges that it represents hundreds of timeshare units in the U.S. Virgin Islands who are affected by the Impact Fee.

Count One of the Amended Complaint alleges a violation of the Commerce Clause of the U.S. Constitution found at Article I, § 8. Count Two alleges a violation of the Equal Protection Clause of the 14th Amendment and a violation of the Privileges and Immunity Clause found at Article IV, § 2. Plaintiff seeks declaratory relief that the Impact Fee is unconstitutional and unenforceable; a permanent injunction preventing collection of Impact Fee, and other relief the Court deems appropriate.

## II.   STANDARD FOR REVIEW

### A.   MOTION TO DISMISS PURSUANT TO RULE 12(b)(6)

FED. R. CIV. P. 12(b)(6) permits the dismissal of an action where the claim is not adequately stated. In reviewing such a motion, a court must accept as true all well-pleaded allegations and draw all reasonable inferences in favor of the non-moving party. *See Bd. Of Trs. Bricklayers & Allied Craftsman Local 6 of N.J. Welfare Fund v. Wettlin Assovs.,* Inc. 237 F.3d 270, 272 (3d. Cir. 2001). A court should accept the complaint's allegations as true, read those allegations in the light most favorable to the plaintiff, and determine whether a reasonable reading indicates that relief may be warranted. *Umland v. PLANCO Fin. Servs.*, Inc. 542 F.3d 59, 64 (3d. Cir. 2008). However, a court need not credit "bald assertions" or "legal conclusions" when deciding a motion to dismiss. *Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp v.*

Case: 3:17-cv-00032-CVG-RM   Document #: 16   Filed: 07/26/17   Page 3 of 17

American Resort Development Association – Resort Owner's Coalition v. Gov't of the Virgin Islands
Defendant's Motion to Dismiss First Amended Complaint
Page 3

*Twombly*, 550 U.S. 544, 555 (2007). Nor does a complaint suffice if it tenders "naked assertions[s]" devoid of "further factual enhancement." *Id*. at 557.

### B.    MOTION TO DISMISS PURSUANT TO RULE 12(b)(1)

A case is properly dismissed pursuant to FED. R. CIV. P. 12(b)(1) when the court lacks the statutory or constitutional power to adjudicate it. When considering such motions, there is a distinction between facial attacks to jurisdiction (where the sufficiency of the pleadings is disputed) and factual attacks (where the trial court's very jurisdiction to hear a case is at issue). *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977). When ruling on a facial attack, the trial court must consider the allegations of the complaint as true as it would with a motion under Rule 12(b)(6). *Id.* When ruling on a factual attack, "no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." *Id.* Consequently, the plaintiff must bear the burden of persuasion when confronted with a factual challenge to jurisdiction. *Id. See also Kehr Packages Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir.)*, cert. denied*, 501 U.S. 1222 (1991)).

## III.   DISCUSSION

### A.    THE IMPACT FEE IS CONSTITUTIONAL

The Amended Complaint should be dismissed because the Impact Fee is constitutional. The fee is imposed by the Government of the Virgin Islands on the use of property in the territory and does not conflict with any protections extended by the U.S. Constitution including those found in the Commerce Clause, the Equal Protection Clause, and the Privileges and Immunities Clause. The Impact Fee was one of several revenue raising measures adopted by the Government to

Case: 3:17-cv-00032-CVG-RM   Document #: 16   Filed: 07/26/17   Page 4 of 17

American Resort Development Association – Resort Owner's Coalition v. Gov't of the Virgin Islands
Defendant's Motion to Dismiss First Amended Complaint
Page 4

address an ongoing fiscal crisis. § 54(b) applies to residents and nonresidents in an amount commensurate with the amount of use of property.

   (1)  NO COMMERCE CLAUSE VIOLATION

     (a)  <u>The Commerce Clause Only Protects Markets, Not Taxpayers</u>

Dormant Commerce Clause protections are inferred from the language of Article I, § 8 of the U.S. Constitution: "Congress shall have Power . . . . [t]o regulate Commerce . . . among the several States," even in the absence of relevant Congressional legislation. *See* JESSE H. CHOPER AND TUNG YIN, *State Taxation and the Dormant Commerce Clause: The Object-Measure Approach,* 1998 Sup. Ct. Rev. 193 (1998). These protections apply in the Virgin Islands. *Polychrome Int'l Corp.*, 5 F.3d 1522, 1534 (3d. Cir 1993); *Jackson v. W. Indian Co.*, 944 F. Supp. 423, 430 (D.V.I. 1996). The Supreme Court has further held that a revenue raising measure will be upheld when it, "is applied to an activity with substantial nexus with the taxing State, is fairly apportioned, does not discriminate against interstate commerce, and is fairly related to the services provided by the State." *Complete Auto Transit v. Brady,* 430 US 274, 279 (1977). Stated succinctly, the Commerce Clause prevents local governments from expressing a preference for domestic commerce over foreign commerce. *Polychrome Int'l Corp.*, 5 F.3d at 1534. Favorable treatment of in-state economic interests is prohibited. *Tamagni v. Tax Appeals Tribunal*, 91 N.Y.2d 530, 539-541 (1998). The *Tamagni* court found that:

> [T]he first step in analyzing any law subject to judicial scrutiny under the negative Commerce Clause is to determine whether it 'regulates evenhandedly with only "incidental" effects on interstate commerce, or discriminates against interstate commerce' . . . . As we use the term here, 'discrimination' simply means differential treatment of in-state and out-of-state economic interests that benefits the former and burdens the latter" (*Id*., at 99, quoting *Hughes v Oklahoma*, supra, 441 US, at 336). If there is no differential treatment of identifiable, similarly situated in-State and out-of-State interests, there is no dormant Commerce Clause violation.

Case: 3:17-cv-00032-CVG-RM   Document #: 16   Filed: 07/26/17   Page 5 of 17

American Resort Development Association – Resort Owner's Coalition v. Gov't of the Virgin Islands
Defendant's Motion to Dismiss First Amended Complaint
Page 5

*Tamagni*, 91 N.Y.2d at 539-541 (internal citations omitted). In short, the dormant Commerce Clause protects markets, not individual taxpayers. *GMC v. Tracy*, 519 U.S. 278, 300 (1997).

Clearly, a fee imposed commensurately on the use of property by residents and nonresidents cannot discriminate against interstate commerce since differential treatment of in-state and out-of-state economic interests is impossible. *See Tamagni,* 91 N.Y.2d 540-41 (finding that a New York state resident income tax did not violate the dormant Commerce Clause protections even though some forms of income were subject to taxation in more than one jurisdiction); *see also Doran v. Mass. Tpk. Auth.,* 348 F.3d 315 (3d. Cir 2003) (holding that a discount granted to users of state-sold turnpike transponders did not violate the dormant Commerce Clause even though the discount was not available to users of competing transponders and the vast majority of beneficiaries would be residents).

A review of the Amended Complaint evidences no actual or prospective inter-state competition affected by the Impact Fee and no favored or disfavored timeshare owners. The facts as alleged by the Plaintiff in the Amended Complaint show that the fee's purpose is to raise revenues and that all users of Virgin Islands timeshares are obligated to pay. *See* Compl. ¶¶ 8, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 27, 28 and Compl., Exs. 6, 8, and 11.

(b)     *Complete Auto Transit Test Is Satisfied*

The Impact Fee passes all four prongs of the *Complete Auto Transit* test because, (1) it is applied to an activity with substantial nexus with the taxing State, (2) it is fairly apportioned, (3) it does not discriminate against interstate commerce, and (4) it is fairly related to the services provided by the State. *See Complete Auto Transit,* 430 US at 279. The "substantial nexus" prong is satisfied because the timeshares are located in the Virgin Islands. *See Quill,* 504 U.S. 298, 311 (1992)*; Nelson v. Sears, Roebuck & Co.,* 312 U.S. 359 (1941). The "fairly related" prong is

Case: 3:17-cv-00032-CVG-RM Document #: 16 Filed: 07/26/17 Page 6 of 17

American Resort Development Association – Resort Owner's Coalition v. Gov't of the Virgin Islands
Defendant's Motion to Dismiss First Amended Complaint
Page 6

satisfied because the measure of the fee is reasonably related to the extent of the contact. *Polychrome,* 5 F.3d at 1537. The "fairly apportioned" prong is satisfied because the Impact Fee is both internally consistent and externally consistent. *See* CHOPER AND YIN, 1998 Sup. Ct. Rev. at 202. *See also Goldberg v. Sweet*, 488 U.S. 252, 261-262 (1989).[2]

Regarding the non-discrimination prong, the Impact Fee in no way resembles the classic example of a discriminatory assessment: one that sets a different rate for in-state and out-of-state taxpayers in order to protect domestic businesses from foreign competition. *See e.g. W. Lynn Creamery v. Healy*, 512 U.S. 186 (1994) (holding that a pricing order on raw milk sold by all distributors to Massachusetts retailers, combined with a subsidy to in-state dairies, where the purpose was to enable higher cost in-state dairies to compete with lower cost dairies in other states, violated the dormant Commerce Clause). In this matter, the challenged statute does not discriminate against nonresident businesses, is facially neutral, and applies to resident and nonresident timeshare owners. The Impact Fee is not aimed at businesses, multistate or otherwise. More importantly, the fee does not affect any identified markets; it affects individual property owners. The purpose of the fee is legitimate: to have timeshare occupants contribute a fairer share to the local tax base. Compl. Ex. 8 and 11 at 2. The level of contribution, $16.3 million of Impact Fee out of the Virgin Islands' total budget of nearly $900 million, is reasonable considering the number of timeshare occupancies involved, the amount expected to be raised, the size of the Virgin Islands economy, and size of the government's budget.[3]

---

[2] "To be internally consistent, a tax must be structured so that if every State were to impose an identical tax, no multiple taxation would result." *Goldberg*, 488 U.S. at 261. To be externally consistent, the State may only tax that portion of the revenues from the interstate activity which reasonably reflects the in-state component of the activity being taxed. *Id*. at 262. Since the Impact Fee is only imposed on the use of property in the Virgin Islands, the fee is both internally and externally consistent.

[3] The Governor estimated that there are approximately 2,176 timeshare units in the Virgin Islands. Compl. Ex. 8 and 11, at 4. The law as enacted imposes a fee of $25 per day. Compl. ¶ 7; 33 V.I. Code § 54(b). Assuming 300 days of

Case: 3:17-cv-00032-CVG-RM Document #: 16 Filed: 07/26/17 Page 7 of 17

American Resort Development Association – Resort Owner's Coalition v. Gov't of the Virgin Islands
Defendant's Motion to Dismiss First Amended Complaint
Page 7

    (2)  No Equal Protection Clause Or Privilege and Immunities Clause Violations

Plaintiff alleges that the Impact Fee violates the Equal Protection Clause because it supposedly discriminates against timeshare owners versus owners of other types of real property and it discriminates against nonresidents. Compl. ¶¶ 38-39. Plaintiff also alleges that the fee violates the Privileges and Immunities Clause because it "was specifically targeted at and intended to discriminate against nonresident timeshare owners. . . ." Compl. ¶ 41.

"The Equal Protection Clause applies only to taxation which in fact bears unequally on person or property of the same class." *Allegheny Pittsburgh Coal Co. v. Cnty. Comm'n of Webster Cnty.*, 488 U.S. 336, 343 (1989); *Frank v. Gov't of the V.I.,* No. 2009-66, 2012 U.S. Dist. LEXIS 41235, at *27 (D.V.I. Feb. 23, 2012). As such, a rational basis analysis is appropriate in this matter. *See FCC v. Beach Communications*, 508 U.S. 307, 313, (1993); *Doe v. Pa. Bd. of Prob. & Parole*, 513 F.3d 95, 107 (3d Cir. 2008) (holding that, when reviewing an Equal Protection claim, the rational basis analysis is used if the law does not burden a fundamental right or target a suspect class). This Court has stated that "it is undisputed that once a statute has been shown to bear a rational relationship to a legitimate purpose, the Equal Protection Clause has been satisfied." *Frank* 2012 U.S. Dist. LEXIS 41235, at *31.

Regarding the alleged discrimination based on residency, the Impact Fee applies to residents and nonresidents, 33 V.I. Code § 54(b)(2) and (3). Regarding the alleged discrimination based on property type, "[t]he imposition of a higher tax burden on timeshares does not threaten a basic necessity or important right." *Frank,* 2012 U.S. Dist. LEXIS 41235, at *36. The government need only show a rational basis to justify any differential effects based on property type or

---

occupancy per calendar year for each unit, the enacted version of the law is expected to raise approximately $16.3 million per year. The Territory's annual budget is almost $900 million per year. *Id.* at 2.

Case: 3:17-cv-00032-CVG-RM Document #: 16 Filed: 07/26/17 Page 8 of 17

American Resort Development Association – Resort Owner's Coalition v. Gov't of the Virgin Islands
Defendant's Motion to Dismiss First Amended Complaint
Page 8

residency. *See Frank,* 2012 U.S. Dist. LEXIS 41235, at *34-35; *see Metro. Life Ins. Co. v. Ward,* 470 U.S. 869, 875 (1985).

The Privileges and Immunities Clause permits differential treatment of nonresidents if there is a valid, independent reason. *Baldwin v. Fish and Game Commission of Montana,* 436 U.S. 371, 399-400 (1978) (finding that higher fees on nonresidents for recreational hunting and fishing licenses were not prohibited). These protections only apply to fundamental interests and, based on this Court's opinion in *Frank,* 2012 U.S. Dist. LEXIS 41235, at *36, are inapplicable in the instant action. *See Toomer v. Witsell,* 334 U.S. 385, 395 (1948) (holding that a tax of 1/8 cent per pound tax on green shrimp taken by any resident and nonresident shrimp boats; however a $2,500 license fee for nonresident boats was not permissible when the fee for resident boats was only $25).

Plaintiff is wrong when it argues that there is no rational basis for treating timeshare owners differently from other short-term rental owners.[4] Endeavoring "to secure a reasonably fair distribution of burdens" is a legitimate governmental purpose that will survive a rational basis review. *See Frank,* 2012 U.S. Dist. LEXIS 41235 at *34-35; *Travellers' Ins. Co. v. Connecticut*, 185 U.S. 364, 371 (1902). As the Governor stated in his letter to the Senate President dated January 9, 2017:

> [W]e are seeking these new revenues from external sources who we are now asking to make a reasonable contribution to the upkeep of our infrastructure and the preservation of our pristine environment, which they enjoy. Simply put, this bill seeks a reasonable contribution from visitors to our shores and a slight burden on our business community to collect these revenues.
>
> . . . .

---

[4] The 2017 Act increased the excise taxes on cigarettes, carbonated beverages, and certain alcoholic beverages. Compl., Ex. 1. The 2017 Act amended 33 V.I. Code § 54(b) by repealing an unenforced timeshare tax and further enacting the Impact Fee. *Id.*

Case: 3:17-cv-00032-CVG-RM  Document #: 16  Filed: 07/26/17  Page 9 of 17

American Resort Development Association – Resort Owner's Coalition v. Gov't of the Virgin Islands
Defendant's Motion to Dismiss First Amended Complaint
Page 9

> Under the current law, there is no financial mechanism, save a real property assessment, for recouping the costs to the Territory of the infrastructure necessary to support the presence of so many welcomed visitors and timeshare owners.

Compl. Ex. 8, at 2, 4-5. The possibility that nonresidents are more likely to pay the Impact Fee is justifiable, particularly since nonresident timeshare owners contribute lower amounts of other taxes to the territory relative to the value of the real property owned.[5]

> [T]he very fact that a citizen of one State has the right to hold property or carry on an occupation or business in another is a very reasonable ground for subjecting such non-resident, although not personally yet to the extent of his property held, or his occupation or business carried on therein, to a duty to pay taxes not more onerous in effect than those imposed under like circumstances upon citizens of the latter State. Section 2 of Art. IV of the Constitution entitles him to the privileges and immunities of a citizen, but no more; not to an entire immunity from taxation, nor to any preferential treatment as compared with resident citizens. It protects him against discriminatory taxation, but gives him no right to be favored by discrimination or exemption.

*Shaffer v. Carter*, 252 U.S. 37, 53, 40 S. Ct. 221, 225-26 (1920).

The Plaintiff makes the same arguments that this Court rejected in *Frank*: that revenue raising measures are disproportionately imposed by nonresidents. The Plaintiff reads statements by the Governor as proof of an intention to discriminate against timeshare owners – statements that justifiable, rational, and constitutional bases for the revenue raising measure. The same arguments involving the same issues deserve the same result. This matter should be dismissed.

### B.  NO STANDING

The United States Supreme Court's standing jurisprudence contains two strands: Article III standing, which enforces the United States Constitution's case or controversy requirement, and prudential standing, which embodies judicially self-imposed limits on the exercise of federal

---

[5] For example, a review of applicable federal and territorial statutes shows that nonresident timeshare occupants generally need not report or pay income taxes to the Virgin Islands. *See* 26 U.S. Code § 932 and 26 C.F.R. §§ 1.932-1, 1-937-1, and 1-937-2.

Case: 3:17-cv-00032-CVG-RM Document #: 16 Filed: 07/26/17 Page 10 of 17

American Resort Development Association – Resort Owner's Coalition v. Gov't of the Virgin Islands
Defendant's Motion to Dismiss First Amended Complaint
Page 10

jurisdiction. *Elk Grove Unified Sch. Dist. v. Newdow*, 542 U.S. 1, 4, (2004). There are also special concerns presented when an entity seeks to represent its members. *See United Food & Commer. Workers Union Local 751 v. Brown Group*, 517 U.S. 544 (1996). A motion to dismiss for lack of standing may be brought pursuant to Rule 12(b)(1). *Ballentine v. United States*, No. 1999-130, 2006 U.S. Dist. LEXIS 96631, at *3 (D.V.I. Sep. 21, 2006).

   (1)  NO ARTICLE III STANDING

The case-or controversy requirement of U.S. Const. Art. III § 2 is based upon "injury in fact" and courts must determine whether a plaintiff has a sufficient stake in the outcome of a suit before reaching the merits of the case. *Donastorg v. Virgin Islands*, 2003 V.I. LEXIS 8 *, 45 V.I. 259 (V.I. Terr. Ct. 2003). A plaintiff must meet three requirements in order to establish Article III standing: (1) injury in fact; (2) causation – a fairly traceable connection between the alleged injury in fact and the alleged conduct of the defendant; and (3) redressability – it is "likely" and not "merely speculative" that the plaintiff's injury will be remedied by the relief plaintiff seeks in bringing suit. *Common Cause v. Pennsylvania*, 558 F.3d 249, 258 (3d Cir. 2009); *Envtl. Ass'n of St. Thomas v. Dep't of Planning & Natural Res.*, 2002 V.I. LEXIS 12 *, 44 V.I. 218 (V.I. Terr. Ct. 2002); *Vt. Agency of Nat. Res. v. United States ex rel. Stevens*, 529 U.S. 765, 771, 120 S. Ct. 1858, 1862 (2000). A declaratory judgment or injunction can issue only when the constitutional standing requirements of a "case" or "controversy" are met. *See* U.S. Const., Art. III, § 2; *Maryland Casualty Co. v. Pacific Coal & Oil Co.*, 312 U.S. 270, 272, 85 L. Ed. 826, 61 S. Ct. 510 (1941); *St. Thomas - St. John Hotel & Tourism Ass'n v. Virgin Islands*, 218 F.3d 232, 240 (3d Cir. 2000).

Plaintiff has not and cannot establish standing in its own right. To establish standing in its own right, Plaintiff must make the same showing that an individual litigant would be required to make. Plaintiff has not set forth any facts to show that it is subject to the Impact Fee. In ¶ 1 of the

Case: 3:17-cv-00032-CVG-RM Document #: 16 Filed: 07/26/17 Page 11 of 17

American Resort Development Association – Resort Owner's Coalition v. Gov't of the Virgin Islands
Defendant's Motion to Dismiss First Amended Complaint
Page 11

Amended Complaint, it describes itself as a not-for-profit corporation based in Washington, D.C. that represents timeshare owners. It has not alleged that it owns or manages any timeshares. Indeed, as a nonprofit corporation, Plaintiff is not a taxpayer. Thus, it has no independent standing status.

    (2)  NO PRUDENTIAL STANDING

Prudential standing embodies judicially self-imposed limits on the exercise of federal jurisdiction. *See Elk Grove Unified Sch. Dist.*, 542 U.S. 1, 11 (2004); *Common Cause v. Pennsylvania*, 558 F.3d 249, 258 (3d Cir. 2009). The doctrine has three critical components: (1) it prohibits the litigant from raising another person's legal rights, (2) bars adjudication of generalized grievances more appropriately addressed in representative branches, and (3) requires that the Amended Complaint fall within the "zone of interests" protected by the law invoked. *Common Cause v Pennsylvania,* 558 F.3d 249, at 258 (3d Cir. 2009). Plaintiff cannot meet the second element of prudential standing because the Amended Complaint provides generalized grievances shared by members of the public at large, at best, which may be appropriately addressed through the Legislative Branch. Moreover, the third element is not met. The constitutional protections at issue involve taxpayers. Plaintiff is not a taxpayer. Compl. ¶ 1. Furthermore, a challenge to a local tax system cannot be enjoined or declared invalid since adequate local remedies exist. *See* 28 U.S. Code § 1341 and 33 V.I. Code § 1691. Thus, this action does not involve a "zone of interest" protected under the law. Accordingly, this matter should be dismissed.

    (3)  NO ASSOCIATIONAL STANDING

Plaintiff also lacks associational standing to bring this action on behalf of its members. Under a long-settled principle, organizations, as well as individuals, may assert standing solely as the representative of its members. *Gonzalez v. Albuquerque Pub. Schs*, 2006 U.S. Dist. LEXIS 27653, at *5 (D.N.M. Jan. 17, 2006) (quotation omitted). To establish associational standing,

Case: 3:17-cv-00032-CVG-RM Document #: 16 Filed: 07/26/17 Page 12 of 17

American Resort Development Association – Resort Owner's Coalition v. Gov't of the Virgin Islands
Defendant's Motion to Dismiss First Amended Complaint
Page 12

Plaintiff must show that (1) its members would otherwise have no standing to sue in their own right; (2) the interests it seeks to protect are germane to the organization's purpose; and (3) neither the claims asserted nor the relief requested requires the participation of the individual members in the lawsuit. *McKinney v. U.S. Dep't of the Treasury*, 799 F.2d 1544, 1550 n.13 (Fed. Cir. 1986) (quotation omitted). The first two requirements are constitutional; the third is merely prudential. *See, United Food & Commer. Workers Union Local 751 v. Brown Group*, 517 U.S. 544, at 558 (1996). Plaintiff has failed to meet the first and third requirements, as stated above, because the complaint does not identify any organization's members as owners of Virgin Islands timeshares and does not specify the injury-in-fact suffered by these members. *See Blunt v. Lower Merion School Dist.*, 2008 U.S. Dist. LEXIS 11918, at *43-44 (E.D.Pa.,2008); *Kessler Inst. for Rehab., Inc. v. Mayor and Council of Borough of Essex Fells*, 876 F.Supp. 641, 656 (D.N.J.1995). Without individual membership information it is impossible to determine which of Plaintiff's members have standing to sue in their own right, whether these members have suffered injury-in-fact, whether there is causation (appropriate nexus between the purported injury-in-fact and the Defendants' actions), and whether individual members claims state for which there is an adequate remedy provided by Virgin Islands law. Plaintiff cannot meet the germaneness requirement because Plaintiff has not provided any details concerning the organization's purpose. As such, Plaintiff cannot establish that this suit is a proper exercise of its authority. Accordingly, this matter should be dismissed because the Complaint does not state facts necessary to satisfy the requirement for associational standing.

      **C.**     **TAX INJUNCTION ACT PRECLUDES DISTRICT COURT JURISDICTION**

The Tax Injunction Act, found in Title 28 of the U.S. Code § 1341, applies in the Virgin Islands and precludes the jurisdiction of this Court. *See Berne Corp. v. Gov't of the V.I.*, 570 F.3d

Case: 3:17-cv-00032-CVG-RM   Document #: 16   Filed: 07/26/17   Page 13 of 17

American Resort Development Association – Resort Owner's Coalition v. Gov't of the Virgin Islands
Defendant's Motion to Dismiss First Amended Complaint
Page 13

130, 136-137 (3d Cir. 2009). § 1341 provides that, "[t]he district courts shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State." 28 U.S. Code § 1341. A plain and adequate remedy exists if the litigant can raise constitutional issues before the state court and the state court can provide a full hearing and judicial determination on the issues. *See Izzo v. City of Syracuse,* 2000 U.S. Dist. LEXIS 19784, at * 9-10 (N.D.N.Y. 2000), aff'd 2001 U.S. App. LEXIS 12106 (2d Cir. 2001) (holding that plain remedies existed under state law because plaintiff could utilize the normal method for challenging real property tax assessments, file an action for expedited review of official actions, or file an action under the state's declaratory judgment procedure).

The Revised Organic Act, codified in Title 48 of the U.S. Code §§ 1541 to 1645, functions as the constitution for the U.S. Virgin Islands and including § 1612 which describes the jurisdiction of the U.S. District Court for the Virgin Islands. In 1972 the Third Circuit ruled that the Tax Injunction Act did not apply in the U.S. Virgin Islands. *Pan Am. World Airways, Inc. v. Gov't of the V.I.*, 459 F.2d 387, 391 (3d Cir. 1972). Amendments to § 1612 enacted in 1984 refashioned this Court's jurisdiction so that it resembles that of an Article III court. *Birdman v. Office of the Governor*, 677 F.3d 167, 175 (3d Cir. 2012); *Parrott v. Gov't of V.I.*, 230 F.3d 615, 619, 43 V.I. 277 (3d Cir. 2000). The scope of the impact of *Pan Am* rule is no longer absolute. In *35 Acres Assocs. v. Adams*, 962 F. Supp. 687, 690 (D.V.I. 1997), the court noted that the application of the Tax Injunction Act did not depend on the federal nature or classification of the court, but on whether the court possessed the judicial authority or jurisdiction of a district court.

> The Skopbank Parties have overlooked that Congress has given this Court the judicial authority and jurisdiction of a district court of the United States. *See In Re Jaritz Industries, Ltd.,* at *9-11. Since the Tax Injunction Act is a further restriction on the already limited subject matter jurisdiction of district courts of the United States, it similarly restricts the subject matter jurisdiction of this Court. Neither side has suggested that the Government of the Virgin Islands does not possess sufficient

Case: 3:17-cv-00032-CVG-RM   Document #: 16   Filed: 07/26/17   Page 14 of 17

American Resort Development Association – Resort Owner's Coalition v. Gov't of the Virgin Islands
Defendant's Motion to Dismiss First Amended Complaint
Page 14

> attributes of the sovereignty of a State to require the application of the principles of comity and federalism underlying the Tax Injunction Act. *See In Re Jaritz Industries, Ltd.*, at *13 (discussing *Harris v. Boreham*, 233 F.2d 110, 114 (3d Cir.1956)). Therefore, this Court may not hear a case which will necessarily involve or interfere with the Government's administration of its tax code.

*35 Acres Assocs. v. Adams*, 962 F. Supp. At 690.

The most recent discussion of this issue is found in a 2009 Third Circuit opinion. *Berne Corp. v. Gov't of the V.I.*, 570 F.3d 130 (3d Cir. 2009). The court noted that it generally did not revisit decided issues absent special circumstances, but then noted that "Congress has made it clear that the Virgin Islands should be treated as a state with respect to property taxation." *Id.* at 137. While discussing the repeal of the 1936 Act, Title 48 U.S.C. § 1401 (repealed 2007), the court stated:

> The Senate Report does not specifically reference the Tax Injunction Act, but it appears to align with our general understanding of the purpose of the Tax Injunction Act. As the United States Supreme Court stated in *Rosewell v. LaSalle National Bank*, "this legislation [the Tax Injunction Act] was first and foremost a vehicle to limit drastically federal district court jurisdiction to interfere with so important a local concern as the collection of taxes." 450 U.S. 503, 522, 101 S. Ct. 1221, 67 L. Ed. 2d 464 (1981).

*Berne Corp.* 570 F.3d at 136-137.

State supreme courts are responsible for deciding the constitutionality of state tax laws even as to nonresidents; federal courts will not interfere with assessment and levy of state property taxes, even if allegedly unconstitutional, if state law affords taxpayer adequate remedy in form of administrative and judicial proceedings. *See Crutchfield v. Testa*, 2016 Ohio LEXIS 2809 (November 17, 2016); and *Quill Corp. v. N.D.*, 504 U.S. 298.

The Tax Injunction Act precludes federal liability where a taxpayer is seeking injunctive relief pursuant to Title 28 U.S. Code § 1331, § 1343, and Title 42 U.S. Code § 1983. *See, Edwards v. Transcontinental Gas Pipe Line Corp.*, 464 F. Supp. 654 (D.C.M.D. La 1979) (district court did

Case: 3:17-cv-00032-CVG-RM Document #: 16 Filed: 07/26/17 Page 15 of 17

American Resort Development Association – Resort Owner's Coalition v. Gov't of the Virgin Islands
Defendant's Motion to Dismiss First Amended Complaint
Page 15

not have jurisdiction pursuant to 28 U.S. Code § 1331 in a tax dispute where state law provided a "plain, speedy and efficient remedy", even if a federal question is present); *See also, Ludwin v. Cambridge*, 592 F.2d 606, 608-609 (1st Cir. 1979). The time has come for the Virgin Islands to take full responsibility for enforcing its tax laws and for Virgin Islands courts to shoulder full responsibility for protecting taxpayers, including nonresidents. Accordingly, this matter should be dismissed.

D. **DISMISSAL WITH PREJUDICE BECAUSE AMENDMENT WOULD BE FUTILE**

Dismissal with prejudice should be granted without leave to amend because amendment would be futile. *See Adams v. N. W. Co., Inc.,* 63 V.I. 427, 445 (Super. Ct. 2015) (quoting *Jones v. L.S. Holdings, Inc.,* 2010 V.I. LEXIS 10, *3 (V.I. Super. Ct. Feb. 25, 2010)) ("In determining whether an amendment would be futile, the court considers whether it would survive a motion to dismiss.") (internal quotations omitted). Plaintiffs' allegations in the Complaint rest on the contentions that the Impact Fee is targeted at nonresidents or discriminates against interstate commerce. § 54(b) applies to residents and nonresidents commensurately. The Impact Fee only applies to the use of property in the territory. All of Plaintiff's allegations rest on legal impossibilities that no amendments can cure.

Case: 3:17-cv-00032-CVG-RM   Document #: 16   Filed: 07/26/17   Page 16 of 17

American Resort Development Association – Resort Owner's Coalition v. Gov't of the Virgin Islands
Defendant's Motion to Dismiss First Amended Complaint
Page 16

## IV. <u>CONCLUSION</u>

Based on the foregoing, the Defendants respectfully request dismissal of the Plaintiff's Complaint with prejudice.

RESPECTFULLY SUBMITTED,

CLAUDE E. WALKER, ESQ.
ATTORNEY GENERAL

**Dated**: <u>July 26, 2017</u>   BY: <u>/s/Hugh A. Greentree</u>
HUGH A. GREENTREE, ESQ.
ASSISTANT ATTORNEY GENERAL
Department of Justice
34-38 Kronprindsens Gade
GERS Building, 2nd Floor
St. Thomas, USVI 00802
Phone: (340) 774-5666
Fax: (340) 776-3494
hugh.greentree@doj.vi.gov

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 26th day of July 2017, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to the following:

>Chad C. Messier
>Dudley, Topper & Feuerzeig, LLP
>1000 Frederiksberg Gade
>P.O. Box 756
>St. Thomas, Virgin Islands 00804
>Telephone: 340-774-4422
>Fax: 340-715-4400
>Email: CMessier@dtflaw.com
>
>Kevin Johnson
>Baker Hostetler LLP
>12th Floor
>Cira Centre 2929 Arch Street
>Phildelphia, PA 19104
>Telephone: 215-564-2728
>Fax: 215-568-3439
>kjohnson@bakerlaw.com

BY: /s/Hugh A. Greentree