IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| AMERICAN RESORT DEVELOPMENT ASSOCIATION – RESORT OWNERS' COALITION, | CIV. NO. 3:17-cv-00032 |
| Plaintiff, | |
| v. | |
| GOVERNMENT OF THE VIRGIN ISLANDS, | |
| Defendant. | |

### REPLY BRIEF IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS

Defendant Government of the Virgin Islands filed its Motion to Dismiss because Plaintiff's claims fail as a matter of law. Legislative bodies have the power to make reasonable classifications for tax purposes. *See Gowens v. Bakersfield*, 193 Cal. App. 2d 79, 83-84 (1961). A complete review of Virgin Islands and United States tax law shows that the Impact Fee is not an unfair burden on non-residents and that the Government is endeavoring "to secure a reasonably fair distribution of burdens" among all property owners. These endeavors are a legitimate governmental purpose that will survive a rational basis review. *See Frank v. Gov't of the V.I.,* No. 2009-66, 2012 U.S. Dist. LEXIS 41235, at *34-35 (D.V.I. Feb. 23, 2012); *Travellers' Ins. Co. v. Connecticut*, 185 U.S. 364, 371 (1902). Plaintiffs' claims should be dismissed.

1. NO COMMERCE CLAUSE VIOLATIONS

The dormant Commerce Clause protects markets, not taxpayers. *GMC v. Tracy*, 519 U.S. 278, 300 (1997); *see Exxon Corp. v. Governor of Maryland,* 437 U.S. 117, 127 (1978). Judicial evaluation of a Commerce Clause challenge, including application of the four-part test from

Case: 3:17-cv-00032-CVG-RM   Document #: 25   Filed: 12/05/17   Page 2 of 6

American Resort Development Association – Resort Owner's Coalition v. Gov't of the Virgin Islands
Defendants' Reply Brief In Support Of Motion To Dismiss
Page 2 - CIV. NO. 3:17-cv-00032

*Complete Auto Transit v. Brady,* 430 US 274, 279 (1977),[1] can only occur after a market is identified. *See Tamagni v. Tax Appeals Tribunal*, 91 N.Y.2d 530 (N.Y. 1998). The absence of actual or prospective competition precludes the existence of a local preference and makes the dormant Commerce Clause inapplicable. *GMC*, 519 U.S. at 300.

A state may tax different types of property at different levels. *See Frank,* 2012 U.S. Dist. LEXIS 41235, at *28.  While Plaintiff admits that the Impact Fee does not exclusively apply to nonresidents (ECF # 21 at P. 16), it argues that direct fee ownership of residences competes with timeshare and fractional share ownership. ECF # 21 at P. 20. This is an embellishment; the cost of maintaining a vacant property during the period of non-occupancy would far exceed the $25 per day Impact Fee for a one-week or two-week visit every year.[2] The amount of the Impact Fee – commensurate with the use of the property – is fair. The statutory purpose – to fairly spread the burden of paying for government services – is reasonable. The application of the fee – on residents and non-residents – does not favor local businesses to the disadvantage of nonresident businesses. *See Doran v. Mass. Tpk. Auth.,* 348 F.3d 315 (3rd Cir 2003). Clearly, the Impact Fee does not impact interstate commerce.

Plaintiff argues that nonresidents are more likely to pay the Impact Fee and timeshare real property tax rate of 33 V.I. Code § 2301(b)(4). However, a specific tax or fee must be viewed in

---

[1] The Disputed Statutes pass all four prongs of the *Complete Auto Transit* test because, (1) they are applied to an activity with substantial nexus with the taxing State, (2) they are fairly apportioned, (3) they do not discriminate against interstate commerce, and (4) they are fairly related to the services provided by the State. *See Complete Auto Transit,* 430 US at 279.

[2] Plaintiff's reference to *Bacchus Imports, Ltd. v. Dias*, 468 U.S. 263 (1984), is not compelling. *Bacchus Imports* involved an excise tax on wholesale liquor sales and an exemption for certain locally produced alcoholic beverages: okolehao, a brandy distilled from a specific root and fruit wine. *Id.* at 265. Locally produced sake and fruit liqueurs were not exempt. The court ruled that the tax exemption had the purpose and effect of discriminating against non-local alcoholic beverages.

Case: 3:17-cv-00032-CVG-RM Document #: 25 Filed: 12/05/17 Page 3 of 6

American Resort Development Association – Resort Owner's Coalition v. Gov't of the Virgin Islands
Defendants' Reply Brief In Support Of Motion To Dismiss
Page 3 - CIV. NO. 3:17-cv-00032

relation to the state's entire tax system. *Travellers' Ins. Co.,* 185 U.S. at 366-367. Virgin Islands residents pay taxes, fees, and expenses that non-residents do not pay, e.g. the income tax and the gross receipts tax.[3] The Impact Fee and the timeshare real property tax rate are appropriate responses to this tax disparity. *See Travellers' Ins. Co.,* 185 U.S. at 366-367.

In an attempt to invoke the *Complete Auto Transit* test, Plaintiff argues that the Impact Fee bears no relation to the value of government services provided. However, revenue raising measures "need not be drawn so as to fit with precision the legitimate purposes animating it." *Hughes v. Alexandria Scrap Corp.*, 426 U.S. 794, 813 (1976).[4] *See also Brehm v. Harris*, 619 F.2d 1016, 1020 (3d Cir. 1980). The Government is not required to "arrive at exacting calculations about comparative costs and benefits" before imposing taxes and fees. *See Murillo v. Bambrick*, 681 F.2d 898, 909 (3d Cir. 1982). "Lawmakers are not required to design fee structures with the scrupulous eye of the accountant, always matching revenues and costs." *Id.* "The State is not compelled to verify logical assumptions with statistical evidence." *Hughes v. Alexandria Scrap Corp.*, 426 U.S. 794, 812 (1976). The type of precision demanded by Plaintiff is not required. Accordingly, the first cause of action should be dismissed pursuant to FED. R. CIV. P. 12(b)(6).

2. NO EQUAL PROTECTION CLAUSE OR PRIVILEGES AND IMMUNITY CLAUSE VIOLATIONS

Plaintiff bases its Equal Protection Clause and Privileges and Immunity Clause arguments on an incomplete reading of Virgin Islands law. The Impact Fee is not an extra or "double"

---

[3] A nonresident with $3,000 or more of Virgin Islands sourced income per year would be required to report and pay income the income tax to both the IRS and the VIBIR. *See* Department of the Treasury, Internal Revenue Service, Form 8689. A nonresident conducting business in the Virgin Islands could be subject to the gross receipts tax provided that the amount of gross receipts received while in the territory exceeded the $9,000 per month exemptions. *See* 33 V.I. Code § 43(f). Presumably, timeshare occupants are on vacation and are not engaging in business in the territory. Non Virgin Islands sourced income or gross receipts would not be taxable by the Virgin Islands.

[4] The Impact fee differs from the Pennsylvania taxes invalidated by the Supreme Court in *American Trucking Ass'ns v. Scheiner*, 483 U.S. 266 (1987) because those taxes were lump sum assessments that were not commensurate with the taxpayers' activities. The Impact Fee is not a lump sum fee; the amount varies based on days of occupancy. *See* 33 V.I. Code § 54(b)(3)(A).

Case: 3:17-cv-00032-CVG-RM Document #: 25 Filed: 12/05/17 Page 4 of 6

American Resort Development Association – Resort Owner's Coalition v. Gov't of the Virgin Islands
Defendants' Reply Brief In Support Of Motion To Dismiss
Page 4 - CIV. NO. 3:17-cv-00032

property tax; Virgin Islands residents pay taxes, fees, and expenses that non-residents do not pay. The Impact Fee is a permissible effort by the Government to counteract a financial imbalance that has residents shouldering a disproportionate share of the cost of vital services available to visiting nonresidents. *See Frank*, 2012 U.S. Dist. LEXIS 41235, at *34-35, at *34-35; *Travellers' Ins.*, 185 U.S. at 371; *Hughes,* 426 U.S. at 812 – 813; *Murillo v. Bambrick*, 681 F.2d at 909. The Impact Fee will survive a rational basis analysis and the second cause of action should be dismissed pursuant to FED. R. CIV. P. 12(b)(6).

3. LACK OF STANDING

Plaintiff argues that it has "hundreds of members who own timeshare units in the Virgin Islands" who are affected by the Impact Fee. ECF # 21, P. 24. Plaintiff needs to identify some of them. "When an organization asserts a claim on behalf of its members, the organization must present at least one identified member who has suffered a specified harm." *See Nationwide Ins. Indep. Contractors Assoc., Inc. v. Nationwide Mut. Ins.,* 518 F. App'x 58, 63 (3d Cir. 2013) (internal quotations omitted). An organization that fails to properly establish standing if it does not identify any specific member who has suffered a specific harm in its complaint. *V.I. Unity Day Grp., Inc. v. Gov't of the V.I.,* No. 2015-09, 2016 U.S. Dist. LEXIS 41915, at *5 (D.V.I. Mar. 30, 2016).

4. THE TAX INJUNCTION ACT IS APPLICABLE AND PRECLUDES JURISDICTION

The Tax Injunction Act precludes federal liability where a taxpayer is seeking injunctive relief pursuant to Title 28 U.S. Code § 1331, § 1343, and Title 42 U.S. Code § 1983. *See, Edwards v. Transcontinental Gas Pipe Line Corp.*, 464 F. Supp. 654 (D.C.M.D. La 1979). Recent opinions by the Third Circuit render the holding in *Pan Am. World Airways, Inc. v. Gov't of the V.I.*, 459 F.2d 387, 391 (3d Cir. 1972) obsolete. *See Berne Corp. v. Gov't of the V.I.*, 570 F.3d 130 (3d Cir.

Case: 3:17-cv-00032-CVG-RM Document #: 25 Filed: 12/05/17 Page 5 of 6

American Resort Development Association – Resort Owner's Coalition v. Gov't of the Virgin Islands
Defendants' Reply Brief In Support Of Motion To Dismiss
Page 5 - CIV. NO. 3:17-cv-00032

2009). The time has come for the Virgin Islands to take full responsibility for enforcing its tax laws and for Virgin Islands courts to shoulder full responsibility for protecting taxpayers, including nonresidents. Accordingly, all of the causes of action should be dismissed pursuant to FED. R. CIV. P. 12(b)(1).

### III. CONCLUSION

All real property needs government services and infrastructure including roads, electricity, tele-communications, hospital, police, and garbage removal. People frequently take these services for granted. During the aftermath of two Category 5 hurricanes, residents of U.S. Virgin Islands experienced life without services: impassable roads; no electricity; no telephone service; no cell phone service; no cable TV; no hospital; no way of calling for first responders. These services need to be provided for all properties, not just those belonging to residents. It is reasonable for the government to find a way to fairly share the burden of paying for these services. Thus the Impact Fee, imposed on the use of property in the Virgin Islands and commensurate with that use, does not unfairly discriminate against non-residents.

Based on the foregoing, the Defendants respectfully request the Court dismiss Plaintiffs' Complaint with prejudice.

                                      RESPECTFULLY SUBMITTED,

                                      CLAUDE E. WALKER, ESQ.
                                      ATTORNEY GENERAL

**Dated**: December 5, 2017      BY:    /s/Hugh A. Greentree
                                                  HUGH A. GREENTREE, ESQ.
                                                  ASSISTANT ATTORNEY GENERAL
                                                  Department of Justice
                                                  34-38 Kronprindsens Gade
                                                  GERS Building, 2nd Floor
                                                  St. Thomas, USVI 00802
                                                  Phone: (340) 774-5666; Fax: (340) 776-3494
                                                  hugh.greentree@doj.vi.gov

## CERTIFICATE OF SERVICE

I hereby certify that on <u>December 5, 2017</u>, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to the following:

>Chad C. Messier
>Dudley, Topper & Feuerzeig, LLP
>1000 Frederiksberg Gade
>P.O. Box 756
>St. Thomas, Virgin Islands 00804
>Telephone: 340-774-4422
>Fax: 340-715-4400
>Email: CMessier@dtflaw.com
>
>Kevin Johnson
>Baker Hostetler LLP
>12th Floor
>Cira Centre 2929 Arch Street
>Phildelphia, PA 19104
>Telephone: 215-564-2728
>Fax: 215-568-3439
>Email: kjohnson@bakerlaw.com

***By:***     /s/ Hugh A. Greentree