DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| AMERICAN RESORT DEVELOPMENT ASSOCIATION-RESORT OWNERS' COALITION, | )<br>)<br>)<br>) |
| Plaintiff, | ) Civil No. 2017-32 |
| v. | )<br>)<br>) |
| GOVERNMENT OF THE VIRGIN ISLANDS, | )<br>)<br>) |
| Defendant. | )<br>)<br>) |

ATTORNEYS:

**Chad C. Messier, Esq.**
Dudley, Topper & Feuerzeig
St. Thomas, VI
**Kevin Johnson, Esq.**
Baker Hostetler LLP
Philadelphia, PA
   *For American Resort Development Association-Resort Owners'*
   *Coalition,*

**Hugh A. Greentree, Esq.**
Virgin Islands Department of Justice
St. Thomas, VI
   *For the Government of the Virgin Islands.*

## ORDER

**GÓMEZ, J.**

Before the Court are the motions of the Government of the Virgin Islands to dismiss the initial and amended complaints filed by the American Resort Development Association-Resort Owners' Coalition.

American Resort Development Association-Resort Owner's Coalition v.
Government of the Virgin Islands
Civ. No. 2017-32
Order
Page 2

## I.    FACTUAL AND PROCEDURAL HISTORY

On March 22, 2017, the Governor of the U.S. Virgin Islands, Kenneth Mapp, signed the Virgin Islands Revenue Enhancement and Economic Recovery Act of 2017 ("the Act") into law. That Act imposes a $25 per day occupancy fee on the owners of timeshare units in the Virgin Islands. The fee took effect on May 1, 2017.

On May 1, 2017, the American Resort Development Association-Resort Owners' Coalition ("ARDA-ROC") filed a complaint in this Court naming the Government of the Virgin Islands (the "Government") as a defendant and seeking: (1) a declaration that the occupancy fee is unconstitutional, and (2) an injunction barring collection of the fee. ARDA-ROC is an association that represents the interests of timeshare owners, including owners of timeshares in the U.S. Virgin Islands.

On June 22, 2017, the Government filed a motion to dismiss the complaint for lack of subject-matter jurisdiction and for failure to state a claim. The parties stipulated that ARDA-ROC would have until August 11, 2017, to respond to the motion to dismiss. ARDA-ROC then filed an amended complaint (the "Amended Complaint") on July 12, 2017.

On July 26, 2017, the Government filed a motion to dismiss the Amended Complaint for lack of subject-matter jurisdiction and for failure to state a claim.

American Resort Development Association-Resort Owner's Coalition v.
Government of the Virgin Islands
Civ. No. 2017-32
Order
Page 3

## II. <u>DISCUSSION</u>

### A. Federal Rule of Civil Procedure 12(b)(1)

A party may bring either a facial or a factual challenge to the Court's subject-matter jurisdiction pursuant to Rule 12(b)(1). *Gould Electronics, Inc. v. United States,* 220 F.3d 169, 178 (3d Cir.2000). In considering a facial challenge under Rule 12(b)(1), all material allegations in the Complaint are taken as true. *See Taliaferro v. Darby Twp. Zoning Bd.,* 458 F.3d 181, 188 (3d Cir.2006) (summarizing the standard for facial attacks under Rule 12(b)(1) as "whether the allegations on the face of the complaint, taken as true, allege facts sufficient to invoke the jurisdiction of the district court"); *Mortensen,* 549 F.2d at 891 (explaining that, in ruling upon a facial attack under Rule 12(b)(1), "the court must consider the allegations of the complaint as true"). Indeed, the "standard is the same when considering a facial attack under Rule 12(b)(1) or a motion to dismiss for failure to state a claim under Rule 12(b)(6)." *Petruska v. Gannon Univ.,* 462 F.3d 294, 299 (3d Cir.2006).

"[A] factual challenge[ ] attacks the factual allegations underlying the complaint's assertion of jurisdiction, either through the filing of an answer or 'otherwise presenting competing facts.'" *Davis v. Wells Fargo*, 824 F.3d 333, 346 (3d

American Resort Development Association-Resort Owner's Coalition v.
Government of the Virgin Islands
Civ. No. 2017-32
Order
Page 4

Cir. 2016) (original alterations omitted) (quoting *Constitution Party of Pa. v. Aichele*, 757 F.3d 347, 358 (3d Cir. 2014)); *see also Berardi v. Swanson Mem'l Lodge No. 48 of the Fraternal Order of Police*, 920 F.2d 198, 200 (3d Cir. 1990) (holding that the factual basis for jurisdictional allegations in a complaint could be disputed before an answer was served). Where a motion to dismiss factually challenges the district court's jurisdiction, the court is not confined to the allegations in the complaint, but can consider other evidence, such as affidavits, depositions, and testimony, to resolve factual issues related to jurisdiction. *See Mortensen v. First Fed. Sav. and Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977) (stating that because at issue is the very power of the trial court to hear the case, a court is free to weigh evidence beyond the allegations in the complaint). Furthermore, "no presumptive truthfulness attaches to plaintiff's allegations" and "the plaintiff will have the burden of proof that jurisdiction does in fact exist." *Id.*

**B. Federal Rule of Civil Procedure 12(b)(6)**

"[W]hen ruling on a defendant's motion to dismiss [for failure to state a claim], a judge must accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus,* 551 U.S. 89, 127 S.Ct. 2197, 2200, 167 L.Ed.2d 1081

American Resort Development Association-Resort Owner's Coalition v.
Government of the Virgin Islands
Civ. No. 2017-32
Order
Page 5

(2007) (per curiam) (citing *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 127 S.Ct. 1955, 1965, 167 L.Ed.2d 929 (2007)). All reasonable inferences are drawn in favor of the non-moving party. *Alston v. Parker,* 363 F.3d 229, 233 (3d Cir.2004). A court must ask whether the complaint "contain[s] either direct or inferential allegations respecting all the material elements necessary to sustain recovery under *some* viable legal theory." *Bell Atlantic Corp.,* 127 S.Ct. at 1969 (emphasis in original) (quoting *Car Carriers, Inc. v. Ford Motor Co.,* 745 F.2d 1101, 1106 (7th Cir.1984)).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." *Id.* at 1964–65 (internal citations omitted). Thus, "[t]o survive a motion to dismiss, a . . . plaintiff must allege facts that 'raise a right to relief above the speculative level on the assumption that the allegations in the complaint are true (even if doubtful in fact).'" *Victaulic Co. v. Tieman,* 499 F.3d 227, 234 (3d Cir.2007) (quoting *Bell Atlantic Corp.,* 127 S.Ct. at 1965).

American Resort Development Association-Resort Owner's Coalition v.
Government of the Virgin Islands
Civ. No. 2017-32
Order
Page 6

### III. ANALYSIS

As a preliminary matter, the Court will address the Government's first motion to dismiss. ARDA-ROC filed its initial complaint on May 1, 2017. The Government did not file an answer to that complaint. Instead, it filed a motion to dismiss the complaint on June 22, 2017, which was served electronically on ARDA-ROC the same day. Under those circumstances, the Federal Rules of Civil Procedure permitted ARDA-ROC to file an amended complaint within 21 days after service of the motion to dismiss--that is, by July 13, 2017. *See* Fed. R. Civ. P. 15(a)(1)(B)("A party may amend its pleading once as a matter of course within: . . . (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier."). ARDA-ROC filed the Amended Complaint on July 12, 2017--within the time limit prescribed by the Federal Rules of Civil Procedure. *See id.*

Where, as here, a defendant files a motion to dismiss and the plaintiff subsequently files an amended complaint in accordance with the Federal Rules of Civil Procedure, the amended complaint becomes the operative complaint and "render[s] moot [the] defendant['s] motion[] to dismiss." *See*

American Resort Development Association-Resort Owner's Coalition v.
Government of the Virgin Islands
Civ. No. 2017-32
Order
Page 7

*Merritt v. Fogel*, 349 Fed.Appx. 742, 745 (3d Cir. 2009). Accordingly, the first motion to dismiss is moot. *See id.*

Having found that the first motion to dismiss is moot, the Court will consider the merits of the second motion to dismiss, which is directed at the Amended Complaint. In its motion to dismiss the Amended Complaint, the Government raises several arguments: (1) that the Amended Complaint fails to sufficiently allege facts showing constitutional and prudential standing; (2) that this action is barred by the Tax Injunction Act; and (3) that the Amended Complaint fails to state a claim. The Court will first address the Government's standing argument.

"[A]n association may have standing in its own right to seek judicial relief from injury to itself" or it "may have standing solely as the representative of its members." *Warth v. Seldin*, 422 U.S. 490, 510–11, 95 S. Ct. 2197, 2211–12, 45 L. Ed. 2d 343 (1975). Here, ARDA-ROC only contends that it has standing to file claims on behalf of its members. *See* ECF No. 21, at 24-26.

> An association has standing to bring suit on behalf of its members when[: (1)] its members would have standing to sue in their own right, [(2)] the interests at stake are germane to the organization's purpose, and [(3)] neither the claim asserted nor the relief requested requires individual members' participation in the lawsuit.

American Resort Development Association-Resort Owner's Coalition v.
Government of the Virgin Islands
Civ. No. 2017-32
Order
Page 8

*Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 169, 120 S. Ct. 693, 697, 145 L. Ed. 2d 610 (2000).

In the Amended Complaint, ARDA-ROC alleges that:

> 1. The American Resort Development Association ("ARDA") is a not-for-profit corporation that serves as an industry group for the timeshare industry. ARDA is based in Washington D.C. It represents timeshare owners through its ARDA-Resort Owners' Coalition ("ARDA-ROC"). ARDA-ROC is a separate not-for-profit corporation also based in Washington D.C. ARDA-ROC represents hundreds of owners of timeshare units in the U.S. Virgin Island, who are affected by the Timeshare Impact Fee.
>
> . . .
>
> 9. ARDA-ROC represents over a million time-share owners. Part of its mission is to protect and advocate for their rights to be free from laws that unduly burden them and the timeshare industry. ARDA-ROC represents hundreds of owners of timeshare interests in the USVI, who are affected by the Timeshare Impact Fee that is the subject of this litigation.
>
> . . .
>
> 14. Based on ARDA member statistics, and information regarding the ownership of timeshares in the entire Caribbean region, it appears that more than 99 percent of timeshare owners in the U.S. Virgin Islands are non-residents.
>
> . . .
>
> 28. As stated above, the data based on ARDA members who own and manage timeshare properties show that the overwhelming majority – more than 99 percent

American Resort Development Association-Resort Owner's Coalition v.
Government of the Virgin Islands
Civ. No. 2017-32
Order
Page 9

    - of timeshare units in the U.S. Virgin Islands
    are owned by non-residents.

ECF No. 14, at ¶¶ 1, 9, 14, 28.

  The Government contends that the allegations in the Amended Complaint do not satisfy the first and third prongs of the associational standing test because ARDA-ROC has not identified any members who own Virgin Islands timeshares or identified the injury-in-fact suffered by those members. "[T]o establish associational standing, . . . an organization must 'make specific allegations establishing that at least one identified member ha[s] suffered or would suffer harm.'" *New Jersey Physicians, Inc. v. President of U.S.*, 653 F.3d 234, 241 (3d Cir. 2011) (quoting *Summers v. Earth Island Inst.,* 555 U.S. 488, 129 S.Ct. 1142, 1151, 173 L.Ed.2d 1 (2009)). Here, ARDA-ROC has not identified any specific member that has been affected by the fee. Accordingly, the Court will dismiss the Amended Complaint for failure to properly allege standing. *See id.* The Court will, however, provide ARDA-ROC with leave to file an amended complaint to remedy that deficiency.

  Because the Court will dismiss the Amended Complaint for failure to adequately plead standing, the Court does not reach the other issues raised in the Government's motion to dismiss.

  The premises considered; it is hereby

American Resort Development Association-Resort Owner's Coalition v.
Government of the Virgin Islands
Civ. No. 2017-32
Order
Page 10

**ORDERED** that the motion to dismiss the complaint, docketed at ECF No. 11, is **MOOT**; it is further

**ORDERED** that the motion to dismiss the Amended Complaint, docketed at ECF No. 15, is **GRANTED**; it is further

**ORDERED** that the Amended Complaint is **DISMISSED**; and it is further

**ORDERED** that, to the extent it wishes to do so, ARDA-ROC may file an amended complaint by no later than 3:00 P.M. on Friday, January 5, 2018.

S\_____
**Curtis V. Gómez
District Judge**