IN THE DISTRICT COURT OF THE VIRGIN ISLANDS

DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| THE KIMBERLY STONECIPHER-FISHER REVOCABLE LIVING TRUST,  KIMBERLY STONECIPHER-FISHER, TRUSTEE and AMERICAN RESORT DEVELOPMENT ASSOCIATION – RESORT OWNERS' COALITION,<br><br>        Plaintiffs,<br><br>    v.<br><br>GOVERNMENT OF THE VIRGIN ISLANDS,<br><br>        Defendant. | CIV. NO. 3:17-cv-00032 |

**MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION
TO DISMISS SECOND AMENDED COMPLAINT**

**COME NOW** Defendant, Government of the Virgin Island, by and through undersigned counsel, and hereby files its Memorandum in Support of the Motion to Dismiss to the Plaintiffs' Second Amended Complaint.

**I.     FACTUAL AND PROCEDURAL HISTORY**

The primary issue at issue is whether the Government of the Virgin Islands can impose a fee or tax on the use of real property within the territory. Plaintiffs are a foreign non-profit corporation bringing action on behalf of its members and a revocable trust existing to benefit a Missouri family. Plaintiffs are challenging the constitutionality of the Environmental/Infrastructure Impact Fee ("Impact Fee") signed into law on March 22, 2017 as part of the Virgin Islands Revenue Enhancement and Economic Recovery Act of 2017 ("2017

Case: 3:17-cv-00032-CVG-RM Document #: 32 Filed: 01/17/18 Page 2 of 13

American Resort Development Association – Resort Owner's Coalition v. Gov't of the Virgin Islands
Defendant's Motion to Dismiss Second Amended Complaint; Civ. No. 3:17-cv-00032
Page 2

Act").[1] The Impact Fee, now codified at 33 V.I. Code § 54(b)(2) and (3), replaces a 10.5% timeshare rental tax that was never collected. Compl. Ex. 1 and Ex. 8 at 4.

Count One of the Complaint alleges a violation of the Commerce Clause of the U.S. Constitution found at Article I, § 8. Count Two alleges a violation of the Equal Protection Clause of the 14th Amendment and a violation of the Privileges and Immunity Clause found at Article IV, § 2. Plaintiffs seek declaratory relief that the Impact Fee is unconstitutional and unenforceable; a permanent injunction preventing collection of Impact Fee, and other relief the Court deems appropriate.

Defendants move for dismissal pursuant to FED R. CIV. P 12(b)(6) because the facts alleged in the second amended complaint do not state claims based on violations of the U.S. Constitution. Defendants also move for dismissal pursuant to FED R. CIV. P 12(b)(1) because recent opinions in the Third Circuit recognize the extend the protections of the Tax Injunction Act, 28 U.S. Code § 1341, to the U.S. Virgin Islands. *See Berne Corp. v. Gov't of the V.I.*, 570 F.3d 130, 136-137 (3d Cir. 2009).

## II. STANDARD FOR REVIEW

### A. MOTION TO DISMISS PURSUANT TO RULE 12(b)(6)

FED. R. CIV. P. 12(b)(6) permits the dismissal of an action where the claim is not adequately stated. In reviewing such a motion, a court must accept as true all well-pleaded allegations and draw all reasonable inferences in favor of the non-moving party. *See Bd. Of Trs. Bricklayers & Allied Craftsman Local 6 of N.J. Welfare Fund v. Wettlin Assovs.,* Inc. 237 F.3d 270, 272 (3d. Cir. 2001). A court should accept the complaint's allegations as true, read those allegations in the light

---

[1] In addition to enacting the Impact Fee, the 2017 Act also increased the excise taxes on cigarettes, carbonated beverages, and certain alcoholic beverages. Compl., Exh. 1. *Id*.

Case: 3:17-cv-00032-CVG-RM Document #: 32 Filed: 01/17/18 Page 3 of 13

American Resort Development Association – Resort Owner's Coalition v. Gov't of the Virgin Islands
Defendant's Motion to Dismiss Second Amended Complaint; Civ. No. 3:17-cv-00032
Page 3

most favorable to the plaintiff, and determine whether a reasonable reading indicates that relief may be warranted. *Umland v. PLANCO Fin. Servs.*, Inc. 542 F.3d 59, 64 (3d. Cir. 2008). However, a court need not credit "bald assertions" or "legal conclusions" when deciding a motion to dismiss. *Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 555 (2007). "[N]aked assertions[s] devoid of "further factual enhancement" are also insufficient. *Id*. at 557.

  **B.**  **MOTION TO DISMISS PURSUANT TO RULE 12(b)(1)**

A case is properly dismissed pursuant to FED. R. CIV. P. 12(b)(1) when the court lacks the statutory or constitutional power to adjudicate it. When considering such motions, there is a distinction between facial attacks to jurisdiction (where the sufficiency of the pleadings is disputed) and factual attacks (where the trial court's very jurisdiction to hear a case is at issue). *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977). When ruling on a facial attack, the trial court must consider the allegations of the complaint as true as it would with a motion under Rule 12(b)(6). *Id.* When ruling on a factual attack, "no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." *Id.* Consequently, the plaintiff must bear the burden of persuasion when confronted with a factual challenge to jurisdiction. *Id. See also Kehr Packages Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir.)*, cert. denied*, 501 U.S. 1222 (1991)).

Case: 3:17-cv-00032-CVG-RM   Document #: 32   Filed: 01/17/18   Page 4 of 13

American Resort Development Association – Resort Owner's Coalition v. Gov't of the Virgin Islands
Defendant's Motion to Dismiss Second Amended Complaint; Civ. No. 3:17-cv-00032
Page 4

## III.   DISCUSSION

### A.   THE IMPACT FEE IS CONSTITUTIONAL

The Complaint should be dismissed because the Impact Fee is constitutional. The fee is imposed by the Government of the Virgin Islands on the use of property in the territory. The Impact Fee does not conflict with any protections extended by the U.S. Constitution including those found in the Commerce Clause, the Equal Protection Clause, and the Privileges and Immunities Clause. The Impact Fee was one of several revenue raising measures adopted by the Government to address an ongoing fiscal crisis. § 54(b) applies to residents and nonresidents in an amount commensurate with the amount of use of property.

#### (1)   NO COMMERCE CLAUSE VIOLATION

##### (a)   The Commerce Clause Only Protects Markets, Not Taxpayers

Dormant Commerce Clause protections are inferred from the language of Article I, § 8 of the U.S. Constitution: "Congress shall have Power . . . . [t]o regulate Commerce . . . among the several States," even in the absence of relevant Congressional legislation. *See* JESSE H. CHOPER AND TUNG YIN, *State Taxation and the Dormant Commerce Clause: The Object-Measure Approach,* 1998 Sup. Ct. Rev. 193 (1998). These protections apply in the Virgin Islands. *Polychrome Int'l Corp.*, 5 F.3d 1522, 1534 (3d. Cir 1993); *Jackson v. W. Indian Co.*, 944 F. Supp. 423, 430 (D.V.I. 1996).

The Commerce Clause prevents local governments from expressing a preference for domestic commerce over foreign commerce. *Polychrome Int'l Corp.*, 5 F.3d at 1534. Favorable treatment of in-state economic interests is prohibited. *Tamagni v. Tax Appeals Tribunal*, 91 N.Y.2d 530, 539-541 (1998). The *Tamagni* court found that:

> [T]he first step in analyzing any law subject to judicial scrutiny under the negative Commerce Clause is to determine whether it 'regulates evenhandedly with only

Case: 3:17-cv-00032-CVG-RM   Document #: 32   Filed: 01/17/18   Page 5 of 13

American Resort Development Association – Resort Owner's Coalition v. Gov't of the Virgin Islands
Defendant's Motion to Dismiss Second Amended Complaint; Civ. No. 3:17-cv-00032
Page 5

"incidental" effects on interstate commerce, or discriminates against interstate commerce' . . . . As we use the term here, 'discrimination' simply means differential treatment of in-state and out-of-state economic interests that benefits the former and burdens the latter" (*Id*., at 99, quoting *Hughes v Oklahoma*, supra, 441 US, at 336). If there is no differential treatment of identifiable, similarly situated in-State and out-of-State interests, there is no dormant Commerce Clause violation.

*Tamagni*, 91 N.Y.2d at 539-541 (internal citations omitted). In short, the dormant Commerce Clause protects markets, not individual taxpayers. *GMC v. Tracy*, 519 U.S. 278, 300 (1997).

Nevertheless, Plaintiffs argue that the Impact Fee is unconstitutionally discriminatory because they contend that nonresidents are more likely to pay it. However, a specific tax or fee must be viewed in relation to the state's entire tax system. *Travellers' Ins. Co. v. Connecticut*, 185 U.S. 364, 366-367 (1902). Virgin Islands residents pay taxes, fees, and expenses that non-residents do not pay, e.g. the income tax and the gross receipts tax.[2] Viewed in this light, the Impact Fee is an appropriate response to a tax disparity. *See Travellers' Ins. Co.,* 185 U.S. at 366-367.

Clearly, a fee imposed commensurately on the use of local property cannot discriminate against interstate commerce since differential treatment of in-state and out-of-state economic interests is impossible. *See Tamagni,* 91 N.Y.2d 540-41 (finding that a New York state resident income tax did not violate the dormant Commerce Clause protections even though some forms of income were subject to taxation in more than one jurisdiction); *see also Doran v. Mass. Tpk. Auth.,* 348 F.3d 315 (3d. Cir 2003) (holding that a discount granted to users of state-sold turnpike transponders did not violate the dormant Commerce Clause even though the discount was not

---

[2] A nonresident with $3,000 or more of Virgin Islands sourced income per year would be required to report and pay income the income tax to both the IRS and the VIBIR. *See* Department of the Treasury, Internal Revenue Service, Form 8689. A nonresident conducting business in the Virgin Islands could be subject to the gross receipts tax provided that the amount of gross receipts received while in the territory exceeded the $9,000 per month exemptions. *See* 33 V.I. Code § 43(f). Presumably, timeshare occupants are on vacation and are not engaging in business in the territory. Non Virgin Islands sourced income or gross receipts would not be taxable by the Virgin Islands.

Case: 3:17-cv-00032-CVG-RM   Document #: 32   Filed: 01/17/18   Page 6 of 13

American Resort Development Association – Resort Owner's Coalition v. Gov't of the Virgin Islands
Defendant's Motion to Dismiss Second Amended Complaint; Civ. No. 3:17-cv-00032
Page 6

available to users of competing transponders and the vast majority of beneficiaries would be residents). A review of the Complaint evidences no actual or prospective inter-state competition affected by the Impact Fee and no favored or disfavored timeshare owners.[3] The facts as alleged by the Plaintiffs in the Complaint show that the fee's purpose is to raise revenues and that all users of Virgin Islands timeshares are obligated to pay. *See* Compl. ¶¶ 11, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 31, 32 and Compl., Exhs. 6, 8, and 11.

(b) *Complete Auto Transit* Test Is Satisfied

Hypothetically, even if the Impact Fee affected a market, it still does not violate the dormant Commerce Clause protections. In *Complete Auto Transit v. Brady,* 430 US 274 (1977), the Supreme Court stated that it will uphold a revenue raising measure that, "is applied to an activity with substantial nexus with the taxing State, is fairly apportioned, does not discriminate against interstate commerce, and is fairly related to the services provided by the State." *Complete Auto Transit,* 430 U.S. at 279. The Impact Fee passes all four "prongs" of this test since (1) it is applied to an activity with substantial nexus with the taxing State, (2) it is fairly apportioned, (3) it does not discriminate against interstate commerce, and (4) it is fairly related to the services provided by the State. *See Complete Auto Transit,* 430 US at 279.

The "substantial nexus" prong is satisfied because the timeshares are located in the Virgin Islands. *See Quill,* 504 U.S. 298, 311 (1992)*; Nelson v. Sears, Roebuck & Co.,* 312 U.S. 359 (1941). The "fairly apportioned" prong is satisfied because the Impact Fee is both internally consistent and externally consistent. *See* CHOPER AND YIN, 1998 Sup. Ct. Rev. at 202. *See also*

---

[3] Plaintiffs note at ¶ 36 of the Second Amended Complaint that resident homeowners and apartment dwellers can uses services like Airbnb to rent out their properties and that such rentals would not be subject to the Impact Fee. However, such rentals would be subject to the Hotel Tax of 33 V.I. Code § 54(b)(1).

Case: 3:17-cv-00032-CVG-RM Document #: 32 Filed: 01/17/18 Page 7 of 13

American Resort Development Association – Resort Owner's Coalition v. Gov't of the Virgin Islands
Defendant's Motion to Dismiss Second Amended Complaint; Civ. No. 3:17-cv-00032
Page 7

*Goldberg v. Sweet*, 488 U.S. 252, 261-262 (1989).[4] The "non-discrimination" prong is satisfied because the Impact Fee does not set a different rate for in-state and out-of-state taxpayers in order to protect domestic businesses from foreign competition; it is facially neutral and applies to all timeshare owners regardless of their residency. *See e.g. W. Lynn Creamery v. Healy*, 512 U.S. 186 (1994). The "fairly related" prong is satisfied because the measure of the fee is based on the use of the property in the Virgin Islands and, as such, is reasonably related to the extent of the contact. *Polychrome,* 5 F.3d at 1537.

The Impact Fee is not aimed at businesses, multistate or otherwise. More importantly, it affects individual property owners, not markets. The purpose of the fee is legitimate: to have timeshare occupants contribute a fairer share to the local tax base. Compl. Ex. 8 and 11 at 2. The level of contribution, $16.3 million of Impact Fee out of the Virgin Islands' total budget of nearly $900 million, is reasonable considering the number of timeshare occupancies involved, the amount expected to be raised, the size of the Virgin Islands economy, and size of the government's budget.[5] Accordingly, the Impact Fee does not violate the dormant Commerce Clause.

    (2)    NO EQUAL PROTECTION CLAUSE OR PRIVILEGE AND IMMUNITIES CLAUSE VIOLATIONS

Plaintiffs allege that the Impact Fee violates the Equal Protection Clause because it purportedly discriminates against timeshare owners versus owners of other types of real property and it discriminates against nonresidents. Compl. ¶¶ 37-38. Plaintiffs also allege that the fee

---

[4] "To be internally consistent, a tax must be structured so that if every State were to impose an identical tax, no multiple taxation would result." *Goldberg*, 488 U.S. at 261. To be externally consistent, the State may only tax that portion of the revenues from the interstate activity which reasonably reflects the in-state component of the activity being taxed. *Id*. at 262. Since the Impact Fee is only imposed on the use of property in the Virgin Islands, the fee is both internally and externally consistent.

[5] The Governor estimated that there are approximately 2,176 timeshare units in the Virgin Islands. Compl. Exh. 8 and 11, at 4. The law as enacted imposes a fee of $25 per day. Compl. ¶ 7; 33 V.I. Code § 54(b). Assuming 300 days of occupancy per calendar year for each unit, the enacted version of the law is expected to raise approximately $16.3 million per year. The Territory's annual budget is almost $900 million per year. *Id.* at 2.

Case: 3:17-cv-00032-CVG-RM Document #: 32 Filed: 01/17/18 Page 8 of 13

American Resort Development Association – Resort Owner's Coalition v. Gov't of the Virgin Islands
Defendant's Motion to Dismiss Second Amended Complaint; Civ. No. 3:17-cv-00032
Page 8

violates the Privileges and Immunities Clause because it "was specifically targeted at and intended to discriminate against nonresident timeshare owners. . . ." Compl. ¶ 40.

"The Equal Protection Clause applies only to taxation which in fact bears unequally on person or property of the same class." *Allegheny Pittsburgh Coal Co. v. Cnty. Comm'n of Webster Cnty.*, 488 U.S. 336, 343 (1989); *Frank v. Gov't of the V.I.,* No. 2009-66, 2012 U.S. Dist. LEXIS 41235, at *27 (D.V.I. Feb. 23, 2012). As such, a rational basis analysis is appropriate in this matter. *See FCC v. Beach Communications*, 508 U.S. 307, 313, (1993); *Doe v. Pa. Bd. of Prob. & Parole*, 513 F.3d 95, 107 (3d Cir. 2008) (holding that, when reviewing an Equal Protection claim, the rational basis analysis is used if the law does not burden a fundamental right or target a suspect class). This Court has stated that "it is undisputed that once a statute has been shown to bear a rational relationship to a legitimate purpose, the Equal Protection Clause has been satisfied." *Frank* 2012 U.S. Dist. LEXIS 41235, at *30.

Regarding the alleged discrimination based on residency, the Impact Fee applies to residents and nonresidents, 33 V.I. Code § 54(b)(2) and (3). Regarding the alleged discrimination based on property type, "[t]he imposition of a higher tax burden on timeshares does not threaten a basic necessity or important right." *Frank,* 2012 U.S. Dist. LEXIS 41235, at *36. The government need only show a rational basis to justify any differential effects based on property type or residency. *See Frank,* 2012 U.S. Dist. LEXIS 41235, at *34-35; *see Metro. Life Ins. Co. v. Ward,* 470 U.S. 869, 875 (1985).

The Privileges and Immunities Clause permits differential treatment of nonresidents if there is a valid, independent reason. *Baldwin v. Fish and Game Commission of Montana,* 436 U.S. 371, 399-400 (1978) (finding that higher fees on nonresidents for recreational hunting and fishing licenses were not prohibited). These protections only apply to fundamental interests and, based on

Case: 3:17-cv-00032-CVG-RM   Document #: 32   Filed: 01/17/18   Page 9 of 13

American Resort Development Association – Resort Owner's Coalition v. Gov't of the Virgin Islands
Defendant's Motion to Dismiss Second Amended Complaint; Civ. No. 3:17-cv-00032
Page 9

this Court's opinion in *Frank,* 2012 U.S. Dist. LEXIS 41235, at *36, are inapplicable in the instant action. *See Toomer v. Witsell,* 334 U.S. 385, 395 (1948) (holding that a tax of 1/8 cent per pound tax on green shrimp taken by any resident and nonresident shrimp boats; however a $2,500 license fee for nonresident boats was not permissible when the fee for resident boats was only $25).

Plaintiffs are wrong when they argue that there is no rational basis for treating timeshare owners differently from other short-term rental owners.[6] Endeavoring "to secure a reasonably fair distribution of burdens" is a legitimate governmental purpose that will survive a rational basis review. *See Frank,* 2012 U.S. Dist. LEXIS 41235 at *34-35; *Travellers' Ins. Co.,* 185 U.S. at 371. As the Governor stated in his letter to the Senate President dated January 9, 2017:

> [W]e are seeking these new revenues from external sources who we are now asking to make a reasonable contribution to the upkeep of our infrastructure and the preservation of our pristine environment, which they enjoy. Simply put, this bill seeks a reasonable contribution from visitors to our shores and a slight burden on our business community to collect these revenues.
>
> . . . .
>
> Under the current law, there is no financial mechanism, save a real property assessment, for recouping the costs to the Territory of the infrastructure necessary to support the presence of so many welcomed visitors and timeshare owners.

Compl. Exh. 8, at 2, 4-5. The possibility that nonresidents are more likely to pay the Impact Fee is justifiable, particularly since nonresident timeshare owners contribute lower amounts of other taxes to the territory relative to the value of the real property owned.[7]

> [T]he very fact that a citizen of one State has the right to hold property or carry on an occupation or business in another is a very reasonable ground for subjecting such non-resident, although not personally yet to the extent of his property held, or his occupation or business carried on therein, to a duty to pay taxes not more onerous

---

[6] The 2017 Act increased the excise taxes on cigarettes, carbonated beverages, and certain alcoholic beverages. Compl., Exh. 1. The 2017 Act amended 33 V.I. Code § 54(b) by repealing an unenforced timeshare tax and further enacting the Impact Fee. *Id.*

[7] For example, a review of applicable federal and territorial statutes shows that nonresident timeshare occupants generally need not report or pay income taxes to the Virgin Islands. *See* 26 U.S. Code § 932 and 26 C.F.R. §§ 1.932-1, 1-937-1, and 1-937-2.

Case: 3:17-cv-00032-CVG-RM Document #: 32 Filed: 01/17/18 Page 10 of 13

American Resort Development Association – Resort Owner's Coalition v. Gov't of the Virgin Islands
Defendant's Motion to Dismiss Second Amended Complaint; Civ. No. 3:17-cv-00032
Page 10

> in effect than those imposed under like circumstances upon citizens of the latter State. Section 2 of Art. IV of the Constitution entitles him to the privileges and immunities of a citizen, but no more; not to an entire immunity from taxation, nor to any preferential treatment as compared with resident citizens. It protects him against discriminatory taxation, but gives him no right to be favored by discrimination or exemption.

*Shaffer v. Carter*, 252 U.S. 37, 53, 40 S. Ct. 221, 225-26 (1920).

The Plaintiffs make the same arguments that this Court rejected in *Frank*: that revenue raising measures are disproportionately imposed on nonresidents. As happened in *Frank*, the Plaintiffs read statements by the Governor as proof of an intention to discriminate against timeshare owners – statements describing justifiable, rational, and constitutional bases for the Impact Fee. The same arguments involving the same issues deserve the same result. This matter should be dismissed.

    **C.    TAX INJUNCTION ACT PRECLUDES DISTRICT COURT JURISDICTION**

In light of recent decisions by the Third Circuit, the Tax Injunction Act, Title 28 of the U.S. Code § 1341, should apply in the Virgin Islands and preclude this Court's jurisdiction. *See Berne Corp. v. Gov't of the V.I.*, 570 F.3d 130, 136-137 (3d Cir. 2009). § 1341 provides that, "[t]he district courts shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State." 28 U.S. Code § 1341. A plain and adequate remedy exists if the litigant can raise constitutional issues before the state court and the state court can provide a full hearing and judicial determination on the issues. *See Izzo v. City of Syracuse,* 2000 U.S. Dist. LEXIS 19784, at * 9-10 (N.D.N.Y. 2000), aff'd 2001 U.S. App. LEXIS 12106 (2d Cir. 2001) (holding that plain remedies existed under state law because plaintiff could utilize the normal method for challenging real property tax assessments, file an action for expedited review of official actions, or file an action under the state's declaratory judgment procedure).

Case: 3:17-cv-00032-CVG-RM Document #: 32 Filed: 01/17/18 Page 11 of 13

American Resort Development Association – Resort Owner's Coalition v. Gov't of the Virgin Islands
Defendant's Motion to Dismiss Second Amended Complaint; Civ. No. 3:17-cv-00032
Page 11

The Revised Organic Act, codified in Title 48 of the U.S. Code §§ 1541 to 1645, functions as the constitution for the U.S. Virgin Islands and including § 1612 which describes the jurisdiction of the U.S. District Court for the Virgin Islands. In 1972 the Third Circuit ruled that the Tax Injunction Act did not apply in the U.S. Virgin Islands. *Pan Am. World Airways, Inc. v. Gov't of the V.I.*, 459 F.2d 387, 391 (3d Cir. 1972). Amendments to § 1612 enacted in 1984 refashioned this Court's jurisdiction so that it resembles that of an Article III court. *Birdman v. Office of the Governor*, 677 F.3d 167, 175 (3d Cir. 2012); *Parrott v. Gov't of V.I.*, 230 F.3d 615, 619, 43 V.I. 277 (3d Cir. 2000). The scope of the impact of *Pan Am* rule is no longer absolute. In *35 Acres Assocs. v. Adams*, 962 F. Supp. 687, 690 (D.V.I. 1997), the court noted that the application of the Tax Injunction Act did not depend on the federal nature or classification of the court, but on whether the court possessed the judicial authority or jurisdiction of a district court.

> The Skopbank Parties have overlooked that Congress has given this Court the judicial authority and jurisdiction of a district court of the United States. *See In Re Jaritz Industries, Ltd.,* at *9-11. Since the Tax Injunction Act is a further restriction on the already limited subject matter jurisdiction of district courts of the United States, it similarly restricts the subject matter jurisdiction of this Court. Neither side has suggested that the Government of the Virgin Islands does not possess sufficient attributes of the sovereignty of a State to require the application of the principles of comity and federalism underlying the Tax Injunction Act. *See In Re Jaritz Industries, Ltd.*, at *13 (discussing *Harris v. Boreham*, 233 F.2d 110, 114 (3d Cir.1956)). Therefore, this Court may not hear a case which will necessarily involve or interfere with the Government's administration of its tax code.

*35 Acres Assocs. v. Adams*, 962 F. Supp. At 690.

The most recent discussion of this issue is found in a 2009 Third Circuit opinion. *Berne Corp.*, 570 F.3d at 136-137. The court noted that it generally did not revisit decided issues absent special circumstances, but then noted that "Congress has made it clear that the Virgin Islands should be treated as a state with respect to property taxation." *Id.* at 137. While discussing the repeal of the 1936 Act, Title 48 U.S.C. § 1401 (repealed 2007), the court stated:

Case: 3:17-cv-00032-CVG-RM   Document #: 32   Filed: 01/17/18   Page 12 of 13

American Resort Development Association – Resort Owner's Coalition v. Gov't of the Virgin Islands
Defendant's Motion to Dismiss Second Amended Complaint; Civ. No. 3:17-cv-00032
Page 12

> The Senate Report does not specifically reference the Tax Injunction Act, but it appears to align with our general understanding of the purpose of the Tax Injunction Act. As the United States Supreme Court stated in *Rosewell v. LaSalle National Bank*, "this legislation [the Tax Injunction Act] was first and foremost a vehicle to limit drastically federal district court jurisdiction to interfere with so important a local concern as the collection of taxes." 450 U.S. 503, 522, 101 S. Ct. 1221, 67 L. Ed. 2d 464 (1981).

*Berne Corp.* 570 F.3d at 136-137.

The constitutionality of state tax laws is decided by state supreme courts, even as to nonresidents. *See Crutchfield v. Testa*, 2016 Ohio LEXIS 2809 (November 17, 2016). Federal courts will not interfere with assessment and levy of state property taxes, even if allegedly unconstitutional, if state law affords taxpayer adequate remedy in form of administrative and judicial proceedings. *See id.*; and *Quill Corp. v. N.D.*, 504 U.S. 298.

The Tax Injunction Act precludes federal liability where a taxpayer is seeking injunctive relief pursuant to Title 28 U.S. Code § 1331, § 1343, and Title 42 U.S. Code § 1983. *See, Edwards v. Transcontinental Gas Pipe Line Corp.*, 464 F. Supp. 654 (D.C.M.D. La 1979) (district court did not have jurisdiction pursuant to 28 U.S. Code § 1331 in a tax dispute where state law provided a "plain, speedy and efficient remedy", even if a federal question is present); *See also, Ludwin v. Cambridge*, 592 F.2d 606, 608-609 (1st Cir. 1979). The time has come for the Virgin Islands to take full responsibility for enforcing its tax laws and for Virgin Islands courts to shoulder full responsibility for protecting taxpayers, including nonresidents. Accordingly, this matter should be dismissed.

### IV. <u>CONCLUSION</u>

Based on the foregoing, the Defendants respectfully request dismissal of the Plaintiffs' Second Amended Complaint with prejudice.

Case: 3:17-cv-00032-CVG-RM   Document #: 32   Filed: 01/17/18   Page 13 of 13

American Resort Development Association – Resort Owner's Coalition v. Gov't of the Virgin Islands
Defendant's Motion to Dismiss Second Amended Complaint; Civ. No. 3:17-cv-00032
Page 13

RESPECTFULLY SUBMITTED,

CLAUDE E. WALKER, ESQ.
ATTORNEY GENERAL

**Dated**: January 17, 2018

BY: /s/Hugh A. Greentree
HUGH A. GREENTREE, ESQ.
ASSISTANT ATTORNEY GENERAL
Department of Justice
34-38 Kronprindsens Gade
GERS Building, 2nd Floor
St. Thomas, USVI 00802
Phone: (340) 774-5666
Fax: (340) 776-3494
hugh.greentree@doj.vi.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on January 17, 2018 I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to the following:

Chad C. Messier
Dudley, Topper & Feuerzeig, LLP
1000 Frederiksberg Gade
P.O. Box 756
St. Thomas, Virgin Islands 00804
Telephone: 340-774-4422
Fax: 340-715-4400
Email: CMessier@dtflaw.com

Kevin Johnson
Baker Hostetler LLP
12th Floor
Cira Centre 2929 Arch Street
Phildelphia, PA 19104
Telephone: 215-564-2728
Fax: 215-568-3439
kjohnson@bakerlaw.com

BY: /s/Hugh A. Greentree